**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

MICHELE DINOIA, an individual,

    Plaintiff,

v.

MATERIA, INC., a Delaware corporation,

    Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Michele Dinoa, an individual and resident of Italy ("Dinoa"), for his Complaint against Defendant Materia, Inc., a Delaware Coporation ("Materia") alleges as follows:

**I. INTRODUCTION**

1.    Dinoia brings this action to stay the transfer of the <materia.com> domain name to Defendant Materia, to recover damages against Materia for reverse domain name hijacking, and to obtain a declaration of lawful use of the domain name <materia.com> under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1114 (2)(D), and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. As set forth in more detail below, the <materia.com> domain name incorporates a descriptive term, material, that has a number of dictionary meanings including being the Latin word for material. Such a term is so descriptive that it is considered generic in relation to its dictionary meanings, none of which can be identical to, confusingly similar to, nor dilutive of any mark belonging to Materia when the

1

domain name was first registered in 2001. Materia has claimed exclusive rights to the generic term "Materia" for goods and services related to definitions for that same generic and therefore has little or no exclusive rights to that name. Dinoia lawfully registered the domain name with no knowledge of Materia, has legitimate interests in respect of the domain name, and has consistently acted in good faith.

      2.      In proceedings under the Uniform Domain-Name Dispute Resolution Policy ("UDRP") of the Internet Corporation for Assigned Names and Numbers ("ICANN"), Materia knowingly provided the UDRP panel with materially false, incomplete, and misleading information in an effort hijack the <materia.com> domain name from Dinoia. Materia knowingly and materially misrepresented that the <materia.com> domain was identical to, confusingly similar to, or dilutive of a mark that exclusively belonged to Materia as early as the very beginning of 1999. Materia's material misrepresentations caused the UDRP panel to order the transfer of the domain name to Materia. Accordingly, Dinoia asks for a declaration of lawful use of the domain name, injunctive relief prohibiting the transfer of the domain name to Materia, and for damages caused by Materia's reverse hijacking.

## II. PARTIES

3. Plaintiff Dinoia is an individual and a citizen of Italy located at Via De Sica 5, Pineto, TE 64025, Italy.

4. Upon information and belief, Defendant Materia is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 60 North San Gabriel Blvd., Pasadena, CA 911072.

## III. JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper under 28 U.S.C. § 1331, § 1338 and § 2201 and 15 U.S.C. § 1121 because this action involves a federal question arising under 15 U.S.C. § 1114(2)(D)(iv) and (v), and 15 U.S.C. § 1125(d).

6. This Court has personal jurisdiction over Materia because Materia expressly agreed to submit to the Court's personal jurisdiction. Specifically, Materia filed a UDRP Complaint in which it agreed to submit to personal jurisdiction in "the location of the principal office of the concerned registrar" with respect to any challenge to the decision of the UDRP panel. The domain name <materia.com> is registered with Name.com, Incorporated, (the "Registrar"), a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2500 East Second Avenue, Second floor, Denver, Colorado 80206. Because the concerned Registrar's principal office is in the State of Colorado, Materia has expressly consented to personal jurisdiction in the State of Colorado.

7. Venue is proper under 28 U.S.C. § 1391(b) and § 1391(c)(2).

## IV.     BACKGROUND

8.      Michele Dinoia ("Dinoia"), registered the <materia.com> domain name on his own behalf on July 2, 2001.

9.      The domain name <materia.com> is currently registered with the Registrar Name.com, Incorporated.

10.     As of September 8th, 2015, Dinoia owns and has used the <materia.com > domain name in good faith since its registration on July 2, 2001. *See* Exhibit 1.

11.     Dinoia has developed a large portfolio of domain names incorporating common words, acronyms, generic dictionary words, phrases, topics, and geo-locations, some of which have been the subject of inquiries by third parties wishing to purchase such domain names for their own use.

12.     As a user and seller of generic domain names, Dinoia owns and operates numerous domain names and has a legitimate business interest in owning and operating generic domain names along with their associated websites.

13.     Dinoia does not send outbound emails, call third parties, or make any other outbound communication unless he receives an inquiry first initiated by an inquiring party. Dinoia never initiated contact with Materia about the domain name <materia.com> or about any other domain names.

14.     Dinoia had no knowledge of Materia at the time <materia.com> was registered.

15.     At the time of the registration of the domain name <materia.com>, Materia had no common law or federal trademark rights to the term "materia" for any goods or services.

16.     As of the date of the filing of this Complaint, Dinoia registered, used and

continues to use the <materia.com> domain name in good faith and its current and past use was and continues to be a bona fide use.

17. The term "materia" is Latin for "matter" or "material", and it the term is still used as meaning "matter" in Italian, the native language of Dinoia. This term in the domain name <materia.com> is common, generic, and descriptive of matter and materials, including services related to matter and materials. As such, no likelihood of confusion exists between Dinoia and any mark belonging to a third party including, in particular, Materia. *See* Exhibit 2.

18. The registration and trade in domain names containing generic words constitutes a bona fide use of such generic domain names.

19. Further, the generic one word term "materia" was not coined by Materia; rather, it is a common term used by numerous third parties in both descriptive and non-descriptive uses with over 364 pending or inactive trademarks worldwide. *See* Exhibits 3 through 6.

20. Materia has claimed exclusive rights to the term "materia" for its goods and services based on its alleged use of the name and term "materia" continuously in relation to its goods and services since at least 1999.

21. Materia claims its right to the term "materia" as a mark for its goods and services since 1999 based on this paragraph placed on Materia's webpage located at www.materia-inc.com sometime during the year 2000: "Materia is a world leader in the development and commercialization of metathesis technology. Materia's proprietary technology, based on metathesis catalysts developed at the California Institute of Technology (Caltech), can be utilized in the production of numerous high value added products. These products consist of unique classes of polymers, macromonomers, and natural products such as pheromones, flavor & fragrance additives, and pharmaceutical intermediates. Materia has established strategic

partnerships in each of these product areas to facilitate rapid development and commercialization of its technology. Materia's technology is protected by over 60 issued and pending patents in the fields of catalyst compositions and preparations, resin compositions, natural product syntheses, and applications thereof. Materia, Inc. was founded in October 1997, originally as Advanced Sports Materials (ASM), LLC, with a mission to adapt novel metathesis polymer technology from the California Institute of Technology for use in sports, recreational, and marine products. In February 1998, ASM raised $1.3 million in seed capital from private investors to license technology, build out laboratories, and hire scientific personnel. In 1999, the company's name was changed to Materia to reflect an expansion in product scope in conjunction with the further acquisition of exclusive license rights in additional high value-added areas including electronics, optics, ballistics, micro-replication, composite tooling and shielding, macromonomers, high performance additives, and natural products." *See* Exhibit 7.

22. Materia alleged in the UDRP Complaint that Materia registered the domain MATERIA-INC.COM on February 17, 1999, and has continuously operated a website at that domain name since at least August 2000. *See* Exhibit 8.

23. On August 22, 2014, Counsel for Materia submitted a trademark application including specimens of a material-inc.com webpage and a declaration pertaining to the alleged use of the mark in commerce which purported to show Materia's trademark use on the same materia-inc.com website at least as early as 00/00/1999, prior to the date of Materia's incorporation and prior to any use of the term "materia" in connection with Materia's services. *See* Exhibits 9 and 10.

24. A third party website the Wayback Machine Internet archive found online at archive.org shows that a different website page being used on Materia's website at material-

inc.com and not the specimen filed with the U.S. Patent Office as being in use as of 00/00/1999. *See* Exhibit 7.

25. On February 20, 2015, an unknown individual contacted Dinoia in Italy to inquire as to whether the <materia.com> domain name was for sale on behalf of Materia. The unknown individual presented himself as a premium domain name broker and he did not disclose his client was Materia. *See* Exhibit 11.

26. On March 17, 2015, Dinoia received another e-mail from Materia's broker agent confirming Dinio's declination of Materia's offer of $50,000 for the rights to the domain name <materia.com>. *See* Exhibit 12.

27. In Materia's communciations with its domain name broker, Materia's representative purposefully and willfully did not disclose that Materia was the prospective buyer. *See* Exhibit 13.

28. On May 19, 2015, Materia's counsel sent a letter to Dinoia demanding that Dinoia cease all use of the domain name <materia.com> and transfer the domain name to Materia based on the alleged use of the mark in commerce on 00/00/1999, prior to the date the domain name <material.com> was registered will full knowledge that the statements in the demand were false and intended to mislead Dinoia. Dinoia declined to do so. *See* Exhibit 14.

29. On July 2, 2015, Materia filed Case No. FA FA1507001627209 with the National Arbitration Forum ("NAF") in accordance with the UDRP seeking to force Dinoia to transfer ownership of <materia.com> to Materia. *See* Exhibit 8.

30. In its submissions to the NAF panel, Materia knowingly and materially misrepresented its alleged use of "Materia" with certain services going back to 00/00/1999, before the date of the registration of the domain name <materia.com> and before the date of the

incorporation of Materia. These statements of alleged use from 00/00/1999 are false.

31.     Materia further misrepresented the factual background between the parties to show bad faith on the part of Dinoia.

32.     Additionally, Materia waited until 2012, over 13 years from the date that use was first alleged, to file a United States registration for a trademark for the term "materia" claiming excludive use of the term "materia" with its services from at least 0/0/1999.

33.     Further, Materia also waited over 14 years to file a complaint under the UDRP to gain a transfer of the domain name <materia.com>.

34.     Materia's purposeful and undue delay in filing its UDRP action therefore bar any relief under the doctrine of laches.

35.     On August 20, 2015, the arbitration panel in the UDRP proceeding issued its ruling in favor of Materia. The panel's decision was based on Materia's misrepresentation that the <materia.com> domain name is identical or confusingly similar to a trademark or service the beginn mark in which Materia has rights at least as early as . On August 25, 2015, the Registrar, the registrant, Dinoia and Materia were notified by NAF of the panel's decision.

36.     Under ICANN Rule 4(k), the Registrar is required to allow 10 business days after the date the decision is transmitted to the parties. Rule 4.k. states: "k. Availability of Court Proceedings. The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded. If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days (as observed in the location of our principal office) after we are informed by

the applicable Provider of the Administrative Panel's decision before implementing that decision. We will then implement the decision unless we have received from you during that ten (10) business day period official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of Procedure. (In general, that jurisdiction is either the location of our principal office or of your address as shown in our Whois database. See Paragraphs 1 and 3(b)(xiii) of the Rules of Procedure for details.) If we receive such documentation within the ten (10) business day period, we will not implement the Administrative Panel's decision, and we will take no further action, until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name." *See* Exhibit 15.

37.     This complaint is being filed on the last business day of the 10 day waiting period window after the August 25, 2015 date the arbitration decision was transmitted to the parties, on September 9, 2015.

38.     On August 25, 2015, the Registrar's representative Ryan Clarey notified Counsel for Dinoia by email that the Registrar would not be giving Dinoia the full 10 business day waiting period window ending at the end of business day September 9th, 2015. Mr. Clarey stated that "[p]er the UDRP decision, Name.com will transfer the domain 10 business days after the decision was received." And that "[t]he domain will be transferred on 9/8/2015. The transfer will take place unless we are properly notified of appropriate legal action commenced against the Complainant prior to this date." Counsel then notified Registrar's representative Erik Kinney that

the 10 business days after the decision was transmitted to the parties ended on September 9th and not September 8th and that the last day in which Dinoia had to file this action is September 9th. Registrar's representative Erik Kinney replied by email on September 9th stating that "Upon review, Name.com finds that the appropriate wait period was provided and will not be amending the action date nor returning the domain to the previous account.  You may provide us with any challenge filed regarding this decision and we will take appropriate action to freeze the domain per such filing.  Please provide us with any such filing or US court decision and we will be glad to assist further.  If you should have any further questions, please do not hesitate to contact us." *See* Exhibit 16.

39. Upon information and belief, notwithstanding the notice to the Registrar of the required 10 business day waiting period after the decision was rendered, the Registrar including one or more unknown individual representatives of the Registrar, failed to abide by ICANN Rule 4(k) and willfully and purposefully transferred the domain name <materia.com> to Materia on September 9th before 11AM Mountain Time thereby transferring this domain name without authorization to Materia without allowing the full 10 business days in which Dinoia has to file the present action leading to the unlawful and immediate deprivation of title and use of the domain name <material.com> by Dinoia. *See* Exhibit 17.

40. Once the true identities of the parties which transferred the domain name <materia.com> on September 9th, 2015, or induced the unlawful transfer of the domain name <materia.com> prematurely, become known, Dinioa will amend the present Complaint to include those individual and request appropriate and immediate action be taken by this Court to rectify this unlawful action.

## COUNT I

### Declaration under the Anticybersquatting Consumer Protection Act

41. Dinoia hereby incorporates the allegations of paragraphs 1 through 40 as if set forth here in full.

42. Dinoia's registration and use of the <materia.com> domain name does not violate federal trademark law and is wholly permissible under both federal and state trademark laws.

43. In connection with the registration of the domain name <materia.com> in July of 2001, Dinoia had no bad faith intent to profit from Materia's non-existent trademark rights in the term "materia" for any product or service of Materia, as contemplated by 15 U.S.C. § 1125(d)(1)(A)(i).

44. As Materia had no rights in the mark "materia" as of the registration date of the domain name <materia.com>, Dinoia neither had nor could he have had any intent to divert consumers from Materia's online location to a site that could harm any goodwill represented by Materia's non-existent mark, either for commercial gain or with the intent to tarnish or disparage the non-existent mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

45. Dinoia has provided no misleading contact information when applying for the registration of the domain name, nor has he failed to maintain accurate contact information.

46. The <materia.com> domain name contains no term which is identical or confusingly similar to marks of others that were distinctive at the time of registration of the domain name, nor was the registration of the domain name dilutive of famous marks that were famous at the time of registration.

47. The <materia.com> domain name contains no mark that is either distinctive or famous within the meaning of 15 U.S.C. § 1125(c).

48. At the time of the registration, the domain name <materia.com> was not identical, confusingly similar to, or dilutive of any mark belonging to Materia, as contemplated by 15 U.S.C. § 1125(d)(1)(A)(ii).

49. As required by 15 U.S.C. § 1114(2)(D)(v), Dinoia has given notice to Materia of Dinoia's intent to file an action to establish that its registration and use of the domain name <materia.com> was not and is not unlawful under the Anticybersquatting Consumer Protection Act.

50. A dispute exists between Dinoia and Materia concerning Dinoia's right to register and use the domain name <materia.com>. As a consequence thereof, an actual and justiciable controversy exists between Dinoia and Materia.

51. Dinoia seeks a declaration that its registration and use of <materia.com> is lawful and that the UDRP panel's decision is incorrect and contrary to law.

52. Dinoia is and will be irreparably harmed if the <materia.com> domain is transferred to Materia.

## COUNT II
### Reverse Domain Name Hijacking

53. Dinoia hereby incorporates the allegations of paragraphs 1 through 52 as if set forth here in full.

54. Materia initiated the UDRP proceeding against Dinoia in a bad faith effort to deprive Dinoia of the <materia.com> domain name when Materia had no right to the name.

55. Materia knowingly provided the UDRP panel with false, incomplete, and misleading information in connection with its effort to gain control over the <materia.com> domain name.

56. The UDRP panel's decision in favor of Materia was based on Materia's knowing and material misrepresentation that the <materia.com> domain name is identical or confusingly similar to a trademark or service mark in which Materia had rights as of the date of the registration of the domain name <materia.com>.

57. Materia's conduct was knowing, intentional, and improper and caused Dinoia to suffer damages that will be established at trial.

### RELIEF REQUESTED

Wherefore, Dinoia requests that this Court enter judgment:

A. declaring that Dinoia's registration and use of the domain name <materia.com> is not unlawful under the Anticybersquatting Consumer Protection Act;

B. declaring that Dinoia's registration and use of the domain name <materia.com> is lawful;

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

A. declaring that Dinoia is not required to transfer the registration for the domain name <materia.com> to Materia;

B. declaring that any transfer by the Registrar before the 10 business day window after the arbitration decision was transmitted to the parties is null and void and any such transfer be immediately reversed;

C. entering a permanent injunction enjoining the Registrar from transferring the <materia.com> domain name to Materia;

D. entering a permanent injunction enjoining Materia not to accept a transfer of the domain name <materia.com> or claiming ownership thereof;

E. awarding Dinoia its damages caused by Materia's knowing and material misrepresentation that the <materia.com> domain name is identical or confusingly similar to a trademark or service mark in which APA had rights as of the registration date of the domain name <materia.com>;

F. awarding Dinoia damages for loss of use of the domain name <material.com> due to any unlawful transfer before the 10 business day window after the arbitration decision was transmitted to the parties;

G. awarding Dinoia his reasonable costs and attorneys' fees;

H. awarding Dinoia statutory damages under 15 U.S.C. § 1117; and

I. awarding Dinoia such other relief as the Court deems just and proper.

**REQUEST FOR JURY
TRIAL**

Plaintiff requests a trial by jury on all issues so triable.

Dated: September 9, 2015	Respectfully submitted,

LAW OFFICE OF MICHAEL P. EDDY

*s/Michael P. Eddy*

Michael P. Eddy
12526 High Bluff Dr.,
Ste. 300
San Diego, CA 92130
Telephone: (858) 345-1098
Email: meddy@patent.org

ATTORNEY FOR PLAINTIFF